IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles P. Craig, #14756-035,<br><br>                Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                Defendant. | Civil Action No. 2:16-cv-03737-TMC-MGB<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (*See generally* Dkt. No. 1; *see also* 28 U.S.C. § 1346.) This matter is before the Court upon a Motion to Dismiss filed by the United States. (*See* Dkt. No. 16.) For the reasons set forth herein, the undersigned recommends granting Defendant's Motion to Dismiss (Dkt. No. 16).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought the instant action on or about November 21, 2016. (*See generally* Dkt. No. 1.) On May 8, 2017, Defendant filed a Motion to Dismiss. (Dkt. No. 16.) By order filed May 9, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 17.) On or about May 23, 2017, Plaintiff filed a Response in Opposition to the Motion to Dismiss, as well as a Motion to Stay and a Motion to Appoint Counsel. (*See* Dkt. No. 20; Dkt. No. 19; Dkt. No. 21.)

In an Order dated June 20, 2017, the undersigned denied Plaintiff's Motion to Appoint Counsel; that same Order granted in part and denied in part Plaintiff's Motion to Stay. (Dkt. No. 23.)

1

That Order provided, *inter alia*, "[T]he request to stay is granted insomuch as Plaintiff will be allowed forty-five days to submit the affidavit of an expert witness to identify 'at least one negligent act or omission . . . and the factual basis' for that claim. *See* S.C. CODE ANN. § 15-36-100(B)." (Dkt. No. 23 at 3.) Plaintiff filed a Motion for Reconsideration as to the Order denying Plaintiff's request to appoint counsel; that motion was denied on July 12, 2017. (Dkt. No. 26; Dkt. No. 27.)

## FACTUAL BACKGROUND

In the instant action, Plaintiff complains about events that occurred while he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"). (*See generally* Dkt. No. 1.) Plaintiff alleges, *inter alia*,

> While in federal prison [at FCI Edgefield], Plaintiff suffered from a serious physical injury causing him extreme pain. When Plaintiff asked Defendant for medical assistance, he was constantly ignored. When Plaintiff begged Defendant for nerve pain medicine, Defendant merely took actions to exacerbate Plaintiff's pain and suffering by denying it.

(Dkt. No. 1 at 1 of 7.) Plaintiff alleges that despite suffering tingling sensations, weakness, and muscle deterioration, Defendant's employees prescribed ibuprofen, "which did not help Plaintiff['s] battle with numbness, tingling sensations, and burning sensations." (Dkt. No. 1 at 4 of 7.) Plaintiff further alleges that due to Defendant's negligence, his "health has deteriorated to the point that he can barely use his right arm and hand; ha[s] difficulty walking; and will need continued medical consultations and treatment from specialists, as well as medications[,] for the rest of his life." (Dkt. No. 1 at 5 of 7.) Plaintiff's Complaint lists the following causes of action: (a) "medical malpractice/medical negligence" and (b) negligence. (*See* Dkt. No. 1 at 6-7 of 7.)

## DISCUSSION

In its Motion to Dismiss, the Defendant contends that the instant action should be dismissed because Plaintiff failed to file "an affidavit from a supporting medical expert" along with his Complaint. (*See* Dkt. No. 16 at 7-10.) As noted above, Plaintiff attempts to bring the following

2

causes of action against the Defendant, the United States of America: (a) "medical malpractice/medical negligence" and (b) negligence. (*See* Dkt. No. 1 at 6-7 of 7.)

In the case *sub judice*, Plaintiff did not file an expert affidavit with his Complaint, nor has he filed such an affidavit while the instant action has been pending. South Carolina Code Section 15-36-100(B) provides as follows:

> Except as provided in Section 15-79-125, in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) or against any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of South Carolina and listed in subsection (G), the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

S.C. CODE ANN. § 15-36-100(B). Section 15-36-100 applies to medical doctors and nurses. *See* S.C. CODE ANN. § 15-36-100(G). As Judge Currie recently noted in *Grant v. United States*, Civ. A. No. 3:17-cv-0377-CMC, 2017 WL 2265956 (D.S.C. May 24, 2017), "[m]ultiple judges within this district . . . have held . . . Section 15-36-100 [is] part of the substantive law of South Carolina and, consequently, appl[ies] to actions filed in federal court." *Grant*, 2017 WL 2265956, at *9.

The Fourth Circuit's opinion in *Littlepaige v. United States*, 528 F. App'x 289 (4th Cir. 2013), is instructive. In *Littlepaige*, the plaintiff appealed the district court's dismissal of her FTCA claim; the district court "concluded that [the plaintiff's] complaint sounded in medical malpractice under North Carolina law, and was therefore barred in the absence of a state medical malpractice certification, which had not been filed." *Littlepaige*, 528 F. App'x at 290. North Carolina's Rule 9(j) provided as follows:

> [a]ny complaint alleging medical malpractice by a health care provider . . . shall be dismissed unless: (1)[t]he pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness . . . and who is willing to testify that the medical care did not comply with the applicable standard of care.

3

*Littlepaige*, 528 F. App'x at 292 (quoting N.C. Gen.Stat. § 1A-1, Rule 9(j)). On appeal, the plaintiff argued the district court erred in dismissing her complaint because "(1) her complaint sounded in ordinary negligence, thus obviating the need for a Rule 9(j) certification; and (2) in the alternative, her complaint adequately stated a claim for medical malpractice under the common law doctrine of *res ipsa loquitur*, thus falling into an exception to Rule 9(j)." *Id*. at 291.

The Fourth Circuit rejected the plaintiff's arguments and affirmed the dismissal of the plaintiff's FTCA claim. *See Littlepaige*, 528 F. App'x 289. The Fourth Circuit noted, *inter alia*,

> A plaintiff may recover against the United States only to the extent that it has expressly waived sovereign immunity. Congress waived the sovereign immunity of the United States for certain torts committed by federal employees when it enacted the FTCA in 1946. However, the FTCA is a limited waiver of immunity, imposing tort liability on the United States only in the same manner and to the same extent as a private individual under like circumstances, and only to the extent that a private person[ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred. In other words, a claimant has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances. Thus, the substantive law of each state establishes the cause of action.

*Littlepaige*, 528 F. App'x at 292 (internal quotation marks and citations omitted). The court noted that, "where applicable, a Rule 9(j) certification is a mandatory requirement for a plaintiff in a North Carolina medical malpractice action." *Id*. at 293.

To the extent the plaintiff argued that her complaint sounded in ordinary negligence, the Fourth Circuit disagreed, concluding that "by the plain terms of the complaint, Mrs. Littlepaige challenged aspects of her husband's medical care," and "on these facts[,] . . . the claim sounds in medical malpractice[, and] the strictures of Rule 9(j) apply." *Id*. at 295. The Fourth Circuit also rejected the plaintiff's argument that "if her claim sounds in medical malpractice, she was not required to file a Rule 9(j) certification because she adequately pled under the common law doctrine of *res ipsa loquitur*." *Id*. In rejecting that argument, the Fourth Circuit stated,

> We have reviewed the complaint and conclude that the facts alleged, even when construed liberally, are not such that a layperson could infer negligence on the part of the VA Hospital based on common knowledge. Mrs. Littlepaige alleged that Mr. Littlepaige was placed on a falls precaution, was twice found on the floor, and some

> days later an injury was diagnosed. On the allegations in the complaint, Mr. Littlepaige could have been injured prior to his admission to the VA Hospital, or his injuries could have come about notwithstanding the exercise of due care by VA Hospital staff. While Mrs. Littlepaige need not eliminate every cause, other than the VA Hospital's negligence, for Mr. Littlepaige's injuries, the universe of uncertainties in this case is so vast as to defeat the inference of negligence necessary to advance a claim under the doctrine of *res ipsa loquitur*.

*Id*. at 296.

As noted above, Plaintiff has not filed an affidavit of an expert witness. Although "[t]he contemporaneous filing requirement . . . is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant," *see* S.C. CODE ANN. § 15-36-100(C)(2), in the opinion of the undersigned, Plaintiff's allegations do not fall within the "ambit of common knowledge and experience." Plaintiff complains that he was negligently prescribed ibuprofen, when he needed different medication and other treatment; he is complaining about his medical care. Such allegations do not sound in ordinary negligence, and he was therefore required to file the affidavit of an expert witness in accordance with § 15-36-100(B). *See Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 178-79, 758 S.E.2d 501, 504-05 (2014) (concluding that negligence claim of patient who fell and fractured her foot did not "sound[] in medical malpractice," stating, "[W]e emphasize that not every action taken by a medical professional in a hospital or doctor's office necessarily implicates medical malpractice. . . . Here, we find that Appellant's claim sounds in ordinary negligence and is not subject to the statutory requirements associated with a medical malpractice claim. Appellant's complaint makes clear that she had not begun receiving medical care at the time of her injury, nor does it allege the Hospital's employees negligently administered medical care. Rather, the complaint states that Appellant's injury occurred when she attempted to use the restroom unsupervised, prior to receiving medical care").

Because Plaintiff failed to file the affidavit of an expert witness, the undersigned recommends granting Defendant's Motion to Dismiss (Dkt. No. 16) and dismissing Plaintiff's

Complaint without prejudice. *See Littlepaige*, 528 F. App'x 289; *see also Gamez-Gonzalez v. United States*, Civ. A. No. 4:14-2668-JMC-TER, 2017 WL 3084488, at *3 (D.S.C. May 17, 2017) *adopted at* 2017 WL 3067974 (D.S.C. July 19, 2017) (dismissing the plaintiff's malpractice claim pursuant to the FTCA because "it has no supporting expert affidavit"); *Allen v. United States*, Civ. A. No. 2:13-cv-2740-RMG, 2015 WL 1517510, at *3 (D.S.C. Apr. 1, 2015) (dismissing the plaintiff's FTCA claim for failing to file affidavit required by South Carolina Code § 15-36-100); *Burris v. United States*, Civ. A. No. 2:14-00430-MGL-WWD, 2014 WL 6388497, at *2 (D.S.C. Nov. 14, 2014) (same); *Millmine v. Harris*, Civ. A. No. 3:10-1595-CMC, 2011 WL 317643, at *2 (D.S.C. Jan. 31, 2011) (holding that pre-suit notice and expert affidavit requirements in S.C. Code Ann. § 15-36-100 and § 15-79-125 are "the substantive law of South Carolina").[1]

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Defendant's Motion to Dismiss (Dkt. No. 16) be GRANTED, and that Plaintiff's Complaint be dismissed without prejudice.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 6, 2017
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[1] "A dismissal for failure to comply with S.C. Code 15-36-100 is without prejudice." *Gamez-Gonzalez*, 2017 WL 3084488, at *3 n.5 (citing *Rodgers v. Glenn*, Civ. A. No. 1:16-16-RMG, 2017 WL 1051011, at *4 (D.S.C. Mar. 20, 2017)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).