IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charles P. Craig, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:16-cv-03737-TMC |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The Plaintiff filed his Complaint on November 21, 2016. (ECF No. 1). On May 8, 2017, Defendant filed a Motion to Dismiss. (ECF No. 16). The magistrate judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the potential consequences he could face if he failed to adequately respond to Defendant's motion. (ECF No. 17). Plaintiff filed a response to the Motion to Dismiss, (ECF No. 20), and filed a Motion to Stay the proceedings so that he could obtain counsel and amend his Complaint. (ECF No. 19). On June 20, 2017, the court denied Plaintiff's request for appointed counsel (ECF No. 23) but granted Plaintiff's Motion to Stay, giving Plaintiff forty-five (45) days to address the insufficiencies of his Complaint. (ECF No. 23 at 3). To date, Plaintiff has not addressed the insufficiencies of his Complaint.

Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Defendant's Motion to Dismiss be granted. (ECF No. 30). Plaintiff was advised of his right to file objections to the Report. (ECF No. 30 at 7). Objections to the Report

were originally due on November 20, 2017, but the Report was returned to the court as "undeliverable" on November 27, 2017. (ECF No. 32). Plaintiff was located through the Bureau of Prisons inmate locator tool, and the court re-mailed the Report to the address listed. *Id.* On the date of re-mailing the Report, the court re-started the clock for the time in which Plaintiff could file objections. However, Plaintiff has filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 30), which is incorporated herein by reference. Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**, and the case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

/s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
December 15, 2017

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.